UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MEGAN CURTIS,                          )
                                       )
            Plaintiff                  )
                                       )
      v.                               )        2:26-cv-00322-JAW
                                       )
OFFICER D. CHASSE, et al.,             )
                                       )
            Defendants                 )

**AMENDED[1] RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that Defendants—two law enforcement officers and a municipality—violated her constitutional rights during a traffic stop. (Complaint, ECF No. 1.) With her complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 5), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] The recommended decision is amended to correct the spelling of Plaintiff's first name in the caption. The amended recommended decision does not alter the process established in the original recommended decision for the filing of objections to the recommended decision. Plaintiff has filed an objection which is deemed to be an objection to the amended recommended decision. Plaintiff is not required to file a separate objection to the amended recommended decision.

## LEGAL STANDARD

Section 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Solutions*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**FACTUAL ALLEGATIONS**[2]

Plaintiff alleges that on the afternoon of June 14, 2026, she was driving her vehicle with her family in Auburn, Maine when two police officers stopped the vehicle. According to Plaintiff, the officers subsequently abandoned the traffic-related purpose of the stop and engaged in the search and seize of the other adult passenger who was in the vehicle. One of the officers temporarily seized the passenger's firearm, attempted to cock the firearm while the safety was engaged, removed the ammunition magazine, handed the magazine to Plaintiff, and returned the unloaded firearm to the vehicle. Plaintiff asserts that the officer handled the firearm negligently and caused her to fear an accidental discharge near her and her children.

**DISCUSSION**

Plaintiff evidently intends to assert a Fourth Amendment claim. The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue, except on a showing of probable cause. U.S. Const. amend. IV. "Because a traffic stop typically embodies a detention of both a vehicle and its driver, it is a seizure within the purview of the Fourth Amendment." *United States v. Pavao*, 134 F.4th 649, 654 (1st Cir. 2025). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," *Whren v. United States*, 517 U.S. 806, 810 (1996), or where the police have "reasonable

---

[2] The allegations are derived from Plaintiff's complaint.

suspicion" that the occupants were, are, or are about to be engaged in other criminal activity. *United States v. Kimball*, 25 F.3d 1, 6 (1st Cir. 1994).

Plaintiff did not allege that the officers lacked reasonable articulable suspicion of criminal activity or probable cause to conclude that a traffic violation had occurred. Plaintiff also has not alleged that the officers unreasonably prolonged her detention beyond the bounds of their suspicion. *See Pavao*, 134 F.4th at 654–55 ("while an officer may prolong a lawful stop to conduct certain checks, including an examination of both the driver's and vehicle's documents, he may not prolong it beyond the time reasonably required to complete the mission of the stop unless he has the reasonable suspicion ordinarily demanded to justify detaining an individual") (quotation marks omitted). That is, Plaintiff did not provide the requisite details regarding the circumstances and duration of the stop to permit a plausible inference that the officers unreasonably extended the duration of her detention.

Plaintiff complains that the officers quickly began to "harass" the other adult passenger rather than focusing on the traffic-related reason for the stop. Plaintiff, however, cannot assert a federal claim based on the search or seizure of another individual or another individual's property. *See, e.g.*, *United States v. Sanchez*, 943 F.2d 110, 112 (1st Cir. 1991) ("Fourth Amendment rights are personal and may not be asserted vicariously"); *see also United States v. Symonevich*, 688 F.3d 12, 19 (1st Cir. 2012) (discussing similarities and differences for owners or drivers of a vehicle and their passengers). Further, to the extent that Plaintiff argues the stop was a pretextual justification to interact with the other adult

passenger, the allegation is insufficient to generate a Fourth Amendment claim. *See Whren*, 517 U.S. at 813–14.[3]

Plaintiff also seeks to recover from a city. "[M]unicipalities can be liable for constitutional violations only if the violation occurs pursuant to an official policy or custom" and cannot be held vicariously liable for the conduct of their employees. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978)).  Plaintiff has failed to state a municipal liability claim not only because she failed to state a claim against the officers, but also because she did not plausibly allege that the officers' alleged conduct was the product of official policy or custom.  Plaintiff, therefore, has not alleged an actionable claim against the City of Auburn.

Plaintiff's references to her emotional distress and unsafe handling of a firearm could conceivably be construed as raising state law tort claims, but Plaintiff must assert those claims, if at all, in state court because it would not be appropriate for the Court to exercise supplemental jurisdiction over state law claims in the absence of a surviving federal claim.  *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

---

[3] The other adult passenger is pursuing his claims against the same defendants in another case. (Complaint, 2:26-cv-00321-JAW, ECF No. 1.)

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the

reasons explained above, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of August, 2026.

6